UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL LIEN MANAGEMENT, INC.,

      Plaintiff,

v.                             Case No. 8:13-cv-486-T-33TGW

SUSAN FREY, JEFFREY D. MURPHY,
P.A., and JEFF MURPHY,

      Defendants.
_____/

## ORDER

This cause comes before the Court in consideration of Defendants Susan Frey, Jeffrey D. Murphy, P.A., and Jeff Murphy's Motions to Dismiss Amended Complaint (Doc. ## 27, 28), filed on May 14, 2013. Plaintiff Medical Lien Management, Inc. filed a response in opposition to the Motions (Doc. # 34) on May 28, 2013. For the reasons that follow, the Motions are denied.

## I.   Background

In March of 2008, Susan Frey was injured in an automobile accident and thereafter sought treatment with Laser Spine Institute (LSI). (Doc. # 24 at ¶¶ 9, 10). "LSI agreed to treat Frey pursuant to a Letter of Protection whereby LSI would be paid out of the proceeds of Frey's personal injury settlement or judgment." (Id. at ¶

11).  In accordance with the Letter of Protection, Frey and Jeff Murphy, Frey's counsel, agreed "to reimburse LSI for any outstanding invoices for services rendered . . . upon receipt of any monetary damages or settlements received by way of cash, check, or other draft means whether in partial or full settlement of this matter."  (Letter of Protection Doc. # 24-1 at 2).

In June of 2009, Medical Lien Management sent a "Notice of Lien or Assignment of Proceeds" to Frey and Murphy in which Medical Lien provided notice "that LSI had assigned its rights with respect to Frey, including its assignment rights in the proceeds derived from Frey's personal injury case, to [Medical Lien]."  (Doc. # 24 at ¶ 18).

Medical Lien claims that "Frey settled her personal injury lawsuit for the amount of $350,000.00," yet Frey, Murphy, and Murphy, P.A. have refused to pay Medical Lien for the treatment LSI provided to Frey.  (Id. at ¶¶ 19-20). Medical Lien additionally accuses Defendants of failing "to honor the provision of the Letter of Protection that requires them to pay monies into the court registry in the event of a dispute."  (Id. at ¶ 21).

Medical Lien accordingly initiated this action on February 21, 2013, alleging six counts: (1) Breach of Contract -- Susan Frey; (2) Account Stated -- Susan Frey; (3) Unjust Enrichment -- Susan Frey (in the alternative); (4) Breach of Contract (Letter of Protection) -- Susan Frey, Jeffrey D. Murphy, P.A., and Jeff Murphy, attorney; (5) Breach of Implied Covenant of Good Faith and Fair Dealing -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney; and (6) Fraud in the Inducement -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney. (Doc. # 1). On April 30, 2013, Medical Lien filed an Amended Complaint alleging the same six counts. (Doc. # 24). On May 14, 2013, Frey filed a Motion to Dismiss pursuant to Rules 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure. (Doc. # 27). On the same day, Murphy, P.A. and Murphy filed a separate Motion to Dismiss also premised on Rules 12(b)(7) and 19(b). (Doc. # 28). The Court has carefully reviewed the Motions and the response, and is otherwise fully advised in the premises.

## II. <u>Discussion</u>

Defendants argue that LSI is an indispensable party to this action under Rule 19 such that the case should be dismissed pursuant to Rule 12(b)(7) for Medical Lien's

failure to join LSI in this action.  Rule 19 of the Federal

Rules of Civil Procedure provides, in relevant part:

> (a) **Persons Required to be Joined if Feasible.**
>> (1) **Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> *     *     *
>
> (b) **When Joinder is Not Feasible.**  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>> (2) the extent to which any prejudice could be lessened or avoided by:
>>> (A) protective provisions in the judgment;
>>> (B) shaping the relief; or
>>> (C) other measures;
>> (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an
adequate remedy if the action were dismissed
for nonjoinder.

This rule requires a two-part analysis.  "First, the
court must ascertain under the standards of Rule 19(a)
whether the person in question is one who should be joined
if feasible.  If the person should be joined but cannot be
(because, for example, joinder would divest the court of
jurisdiction) then the court must inquire whether, applying
the factors enumerated in Rule 19(b), the litigation may
continue."  Challenge Homes, Inc. v. Greater Naples Care
Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982).
"Compulsory joinder is . . . mandated when a plaintiff's
interest in structuring its own case is outweighed by the
risk of harm resulting from one of the three factors
identified in Rule 19(a): (1) impossibility of complete
relief; (2) potential prejudice to the absent party; or (3)
potential prejudice to the existing litigants."  Alfa Life
Ins. Corp. v. Advantage Consulting Grp., Inc., 236 F.R.D.
570, 571 (M.D. Ala. 2006).  In determining whether a person
or entity should be joined if feasible under Rule 19(a),
"'pragmatic concerns, especially the effect on the parties
and the litigation,' control."  Challenge Homes, 669 F.2d
at 669.

5

The Court finds that LSI is not an entity that should be joined if feasible. As to the first factor, impossibility of complete relief, Defendants and Medical Lien are the only parties with any apparent interest in the contract at issue. Medical Lien sues Defendants Frey, Murphy, and Murphy, P.A. based on Defendants' breach of certain duties enumerated in the Letter of Protection, which Medical Lien seeks to enforce as LSI's assignee.[1] Accordingly, it is possible to accord complete relief among the existing parties without joining LSI in this suit.

The second and third factors, which address potential prejudice to the present litigants and the absent party, are likewise inapplicable in the instant case. Defendants argue that

> The possibility exists that the Defendants could prevail and this Court could hold that Plaintiff is entitled to nothing as a result of LSI's breach of the agreement and failure to submit Frey's bills to her health insurer. Alternatively, this Court could find that LSI's bills were unreasonable and significantly reduce the amounts recoverable by Plaintiff. In either event, Plaintiff would be prejudiced because LSI would not be a party to this action and would therefore not be entitled to indemnity from LSI. Furthermore, the possibility exists that [Medical Lien] could prevail in this action, but yet

---

[1] Defendants do not dispute in their Motions to Dismiss that Medical Lien has authority to enforce the terms of the Letter of Protection.

> Defendants could prevail in a separate state
> court action against LSI for breach of contract,
> fraud, and a violation of the Florida Deceptive
> and Unfair Trade Practices Act. These scenarios
> would produce inconsistent results.

(Doc. # 27 at 6; Doc. # 28 at 6). The Court disagrees that
these scenarios constitute "inconsistent results" that
warrant dismissal of this case under Rule 19. To the
extent Defendants may assert a defense based on LSI's
actions, that defense is in no way compromised by the
absence of LSI as a party. To the extent Defendants seek
indemnification from LSI, Defendants may seek protection by
impleading LSI under Rule 14.[2] See Alfa Life Ins., 236
F.R.D. at 571. Accordingly, the Court finds that LSI's
absence as a party will not result in prejudice to LSI or
the existing litigants.

Furthermore, even if the Court had determined that LSI
should be joined under Rule 19(a), the Court finds that
joinder of LSI would not necessarily divest this Court of
jurisdiction as Defendants claim. Defendants argue that
"LSI's joinder would destroy diversity jurisdiction because
it is a Florida corporation." (Doc. # 27 at 4; Doc. # 28

---

[2] The parties have not briefed the Court as to this
possibility, and the Court accordingly makes no
determination at this juncture as to whether impleader of
LSI would be appropriate under Rule 14.

at 4). However, the Court fails to discern Defendants' argument, if it exists, that LSI should be joined as a plaintiff in this matter. Otherwise, if joined as a defendant under Rule 19, LSI would not destroy diversity of citizenship as "a Florida corporation" because each existing Defendant is also a citizen of Florida.

Therefore, the Court declines Defendants' invitation to dismiss this action pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. The Court determines that LSI is not a party who should be joined if feasible. Furthermore, even if the Court had determined that LSI should be joined in consideration of the factors enumerated in Rule 19(a), the Court remains unconvinced that LSI's joinder would divest this Court of jurisdiction. "The burden is on the moving party to establish that a person is necessary or indispensable," and Defendants in the instant case have failed to meet this burden. BFI Waste Sys. of N. Am., Inc. v. Broward Cnty., Fla., 209 F.R.D. 509, 514 (S.D. Fla. 2002).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendants Susan Frey, Jeffrey D. Murphy, P.A., and Jeff Murphy's Motions to Dismiss Amended Complaint (Doc. ## 27, 28) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record