UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL LIEN MANAGEMENT, INC.,

    Plaintiff,

v.                                Case No. 8:13-cv-486-T-33TGW

SUSAN FREY, JEFFREY D. MURPHY,
P.A., and JEFF MURPHY,

    Defendants.
_____/

SUSAN FREY,

    Counter-Claimant,

v.

MEDICAL LIEN MANAGEMENT, INC.,

    Counter-Defendant.
_____/

SUSAN FREY,

    Third-Party Plaintiff,

v.

LASER SPINE INSTITUTE, LLC,

    Third-Party Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Medical Lien Management's Motion to Dismiss Defendant Susan Frey's Counterclaim (Doc. # 52), filed on July 18, 2013. Frey filed a response in opposition to the Motion (Doc. # 55) on July 30, 2013. For the reasons that follow, the Motion is denied.

I. **Background**

In March of 2008, Susan Frey was injured in an automobile accident and thereafter sought treatment with Laser Spine Institute (LSI). (Doc. # 24 at ¶¶ 9, 10). "LSI agreed to treat Frey pursuant to a Letter of Protection whereby LSI would be paid out of the proceeds of Frey's personal injury settlement or judgment." (Id. at ¶ 11). In accordance with the Letter of Protection, Frey and Jeff Murphy, Frey's counsel, agreed "to reimburse LSI for any outstanding invoices for services rendered . . . upon receipt of any monetary damages or settlements received by way of cash, check, or other draft means whether in partial or full settlement of this matter." (Letter of Protection Doc. # 24-1 at 2).

In June of 2009, Medical Lien Management sent a "Notice of Lien or Assignment of Proceeds" to Frey and Murphy in which Medical Lien provided notice "that LSI had

assigned its rights with respect to Frey, including its assignment rights in the proceeds derived from Frey's personal injury case, to [Medical Lien]." (Doc. # 24 at ¶ 18).

Medical Lien claims that "Frey settled her personal injury lawsuit for the amount of $350,000.00," yet Frey, Murphy, and Murphy, P.A. have refused to pay Medical Lien for the treatment LSI provided to Frey. (Id. at ¶¶ 19-20). Medical Lien additionally accuses Defendants of failing "to honor the provision of the Letter of Protection that requires them to pay monies into the court registry in the event of a dispute." (Id. at ¶ 21).

Medical Lien accordingly initiated this action on February 21, 2013, alleging six counts: (1) Breach of Contract -- Susan Frey; (2) Account Stated -- Susan Frey; (3) Unjust Enrichment -- Susan Frey (in the alternative); (4) Breach of Contract (Letter of Protection) -- Susan Frey, Jeffrey D. Murphy, P.A., and Jeff Murphy, attorney; (5) Breach of Implied Covenant of Good Faith and Fair Dealing -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney; and (6) Fraud in the Inducement -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney. (Doc. # 1). On

April 30, 2013, Medical Lien filed an Amended Complaint alleging the same six counts. (Doc. # 24).

On June 28, 2013, Frey filed her answer and affirmative defenses to Medical Lien's Amended Complaint. (Doc. # 48). Within that pleading, Frey additionally included a counterclaim against Medical Lien alleging that "LSI breached its agreement with Frey by failing and refusing to submit its bills to Frey's health insurer," and that, "[a]s LSI's assign[ee], Plaintiff is liable for LSI's breach." (Id. at 8). On July 9, 2013, Frey filed a Third-Party Complaint against LSI, again alleging that "LSI breached its agreement with Frey by failing and refusing to submit its bills to Frey's health insurer." (Doc. # 49 at 3).

On July 18, 2013, Medical Lien filed the instant Motion to Dismiss Frey's Counterclaim (Doc. # 52), to which Frey filed a response on July 30, 2013 (Doc. # 55). The Court has carefully reviewed the pleadings, the Motion, the response, and is otherwise fully advised in the premises.

**II.  Legal Standard**

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the

4

light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

**III. <u>Discussion</u>**

In the Motion to Dismiss Frey's Counterclaim, Medical Lien "disagrees with Frey's conclusory allegations that [Medical Lien] is liable to Frey for breach of contract based on the alleged action or inaction of LSI," (Doc. # 52 at 5), and argues that Frey cannot state a claim for breach of contract against Medical Lien "because there is no agreement between Frey and [Medical Lien]." (Id. at 6). The Court disagrees.

"The law is well established that an unqualified assignment transfers to the assignee all the interest and rights of the assignor in and to the thing assigned. The assignee steps into the shoes of the assignor and is subject to all equities and defenses that could have been asserted against the assignor had the assignment not been made." State v. Family Bank of Hallandale, 667 So. 2d 257, 259 (Fla. 1st DCA 1995); see also Shreve Land Co., Inc. v. J & D Fin. Corp., 421 So. 2d 722, 724 (Fla. 3d DCA 1982) ("The law is well settled that an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor. . . . This rule extends to counterclaims and setoffs against the assignor which the debtor can establish to reduce the sum recoverable against

6

him."). Thus, because Medical Lien has stepped into the shoes of LSI and is subject to the same defenses, counterclaims, and setoffs that could have been asserted against LSI at the time of assignment, Frey's breach-of-contract counterclaim requires no allegation of an independent agreement between Frey and Medical Lien.

Additionally, the Court acknowledges Medical Lien's argument that "Frey cannot unilaterally bind or obligate assignee [Medical Lien] to the performance of any duties under a contract without the assignee's agreement," (Doc. # 52 at 6), which is a correct statement of Florida law as it relates to the assignment of contractual obligations. See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 427 F. App'x 714, 719-20 (11th Cir. 2011) ("Under Florida law, the assignment of a contract right does not entail the transfer of any duty to the assignee, unless the assignee assents to assume the duty.") (internal citations and quotations omitted); Sans Souci v. Div. of Fla. Land Sales and Condos., 448 So. 2d 1116, 1120 (Fla. 1st DCA 1984) ("[A]n assignment normally involves only the assignee's acquiring the rights of the assignor and not necessarily the obligations, unless it is found that the assignment was also a novation.").

7

However, this principle is inapposite in the present case because the counterclaim Frey asserts against Medical Lien does not constitute such a contractual obligation. Frey does not seek to impose upon Medical Lien some ongoing duty guaranteed in the contract between Frey and LSI; rather, Frey seeks only to assert the same counterclaim against Medical Lien that could have been asserted against LSI at the time of assignment. Thus, for the reasons explained above, Medical Lien's argument regarding the performance of contractual duties is unpersuasive.

With regard to Medical Lien's argument that "in her counterclaim Frey has repeated the same breach of contract claim against [Medical Lien] that she alleged in her Third Party Complaint against LSI," (Doc. # 52 at 5), the Court finds no cause to grant the Motion to Dismiss on this basis. Issues relating to the procedural and substantive appropriateness of Frey's Third Party Complaint against LSI are not properly before the Court at this juncture. The Court determines that Frey has satisfied the liberal pleading standard of Federal Rule of Civil Procedure 8(a). Accordingly, Medical Lien's Motion to Dismiss is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Dismiss Defendant Susan Frey's Counterclaim (Doc. # 52) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of August, 2013.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record