UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL LIEN MANAGEMENT, INC.,

    Plaintiff,

v.                                            Case No. 8:13-cv-486-T-33TGW

SUSAN FREY, JEFFREY D. MURPHY,
P.A., and JEFF MURPHY,

    Defendants.
_____/

SUSAN FREY,

    Counter-Claimant,

v.

MEDICAL LIEN MANAGEMENT, INC.,

    Counter-Defendant.
_____/

SUSAN FREY,

    Third-Party Plaintiff,

v.

LASER SPINE INSTITUTE, LLC,

    Third-Party Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Counter-Claimant Susan Frey's Motion to Strike Counter-Defendant Medical Lien Management, Inc.'s Affirmative Defenses to Frey's Counterclaim (Doc. # 63), filed on October 3, 2013. Medical Lien filed a response in opposition to the Motion (Doc. # 64) on October 17, 2013. For the reasons that follow, the Motion is denied.

I.  **Background**

In March of 2008, Susan Frey was injured in an automobile accident and thereafter sought treatment with Laser Spine Institute (LSI). (Doc. # 24 at ¶¶ 9, 10). "LSI agreed to treat Frey pursuant to a Letter of Protection whereby LSI would be paid out of the proceeds of Frey's personal injury settlement or judgment." (Id. at ¶ 11). In accordance with the Letter of Protection, Frey and Jeff Murphy, Frey's counsel, agreed "to reimburse LSI for any outstanding invoices for services rendered . . . upon receipt of any monetary damages or settlements received by way of cash, check, or other draft means whether in partial or full settlement of this matter." (Doc. # 24-1 at 2).

In June of 2009, Medical Lien sent a "Notice of Lien or Assignment of Proceeds" to Frey and Murphy in which Medical Lien provided notice "that LSI had assigned its

rights with respect to Frey, including its assignment rights in the proceeds derived from Frey's personal injury case, to [Medical Lien]." (Doc. # 24 at ¶ 18).

Medical Lien claims that "Frey settled her personal injury lawsuit for the amount of $350,000.00," yet Frey, Murphy, and Murphy, P.A. have refused to pay Medical Lien for the treatment LSI provided to Frey. (Id. at ¶¶ 19-20). Medical Lien additionally accuses Frey and her counsel of failing "to honor the provision of the Letter of Protection that requires them to pay monies into the court registry in the event of a dispute." (Id. at ¶ 21).

Medical Lien accordingly initiated this action on February 21, 2013, alleging six counts: (1) Breach of Contract -- Susan Frey; (2) Account Stated -- Susan Frey; (3) Unjust Enrichment -- Susan Frey (in the alternative); (4) Breach of Contract (Letter of Protection) -- Susan Frey, Jeffrey D. Murphy, P.A., and Jeff Murphy, attorney; (5) Breach of Implied Covenant of Good Faith and Fair Dealing -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney; and (6) Fraud in the Inducement -- Susan Frey, Murphy, P.A., and Jeff Murphy, attorney. (See Doc. # 1). On April 30, 2013, Medical Lien filed an Amended Complaint alleging the same six counts. (See Doc. # 24).

On June 28, 2013, Frey filed her answer and affirmative defenses to Medical Lien's Amended Complaint. (Doc. # 48). Within that pleading, Frey additionally included a Counterclaim against Medical Lien alleging that "LSI breached its agreement with Frey by failing and refusing to submit its bills to Frey's health insurer," and that, "[a]s LSI's assign[ee], Plaintiff is liable for LSI's breach." (Id. at 8). On August 21, 2013, Medical Lien filed its Answer and Affirmative Defenses to Frey's Counterclaim. (Doc. # 58).

On October 3, 2013, Frey filed the instant Motion to Strike Medical Lien's affirmative defenses. (Doc. # 63). Specifically, Frey seeks an order striking, pursuant to Federal Rule of Civil Procedure 12(f), six of Medical Lien's fourteen asserted affirmative defenses. (Doc. # 63 at 2-3). The relevant affirmative defenses provide as follows:

### Second Affirmative Defense

Frey knowingly and voluntarily entered into a Letter of Protection, along with her attorneys Defendants Jeffrey D. Murphy, P.A. . . . and Jeff Murphy . . . from which benefits were received, and her rights and entitlements are governed by the applicable terms of the Letter of Protection.

### Third Affirmative Defense

Any damages suffered by Frey were the result of the actions, errors, or omissions of third parties for whom [Medical Lien] is not legally or otherwise responsible, including but not limited to Murphy, P.A. and Murphy.

**Fourth Affirmative Defense**

[Medical Lien] is not, and as a matter of law could not be, liable to Frey for any damages alleged because Frey has previously presented her medical bill in her personal injury lawsuit as valid and reasonable, represented that she would call witnesses to validate the amount of the bill, and did, in fact, receive[ ] a settlement that would pay the full amount of the medical bill. Frey now refuses to honor the Letter of Protection and seeks to recharacterize the medical bill as unreasonable and/or as one that should have been submitted to her health insurer for payment after having received the full benefit of her bargain. For those reasons, Frey has no basis in law or in fact for her Counterclaim and the claimed damages allegedly caused thereby.

**Eighth Affirmative Defense**

Frey's claims are barred due to assumption of the risk. . . . Frey retained legal counsel for a personal injury lawsuit, and represented that she would pay the medical bill from the proceeds of her personal injury lawsuit. [Medical Lien] relied on these representations and the Letter of Protection that Frey entered into in order to induce LSI to provide medical services. . . . Having assumed the risk of receiving no funds from the settlement of her personal injury lawsuit from which to pay her medical provider, Frey cannot later claim, after having received the benefit of her bargain and a monetary settlement that is more than sufficient to pay the medical provider, that payment is not due after having used the full amount of the

medical bill to secure a settlement in her personal injury lawsuit.

**Ninth Affirmative Defense**

Frey's claims are barred due to the doctrine of unconscionability. Frey retained legal counsel for a personal injury lawsuit, and represented that she would pay the medical bill proceeds from the proceeds of her personal injury lawsuit. [Medical Lien] relied on these representations. After entering a Letter of Protection in order to induce LSI to provide medical services to her, Frey presented her medical bill in her personal injury lawsuit as valid and reasonable, represented that she would call witnesses to validate the amount of the bill, and did, in fact, receive a settlement that was more than sufficient to pay the full amount of the medical bill. Frey now refuses to honor the Letter of Protection and seeks to recharacterize the medical bill as unreasonable after having received the full benefit of her bargain.

**Twelfth Affirmative Defense**

Frey's claims are barred because she has not suffered any damages. There are no allegations of wrongdoing against [Medical Lien]. Any damages claimed by Frey are not caused by any act or omission of [Medical Lien].

(Doc. # 58 at 3-8).

II. **Legal Standard**

"Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Inlet Harbor Receivers, Inc. v. Fidelity Nat'l Prop. & Cas. Co.,

6

No. 6:08-cv-346-Orl-19DAB, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008). "A motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Id. (quoting Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

**III. Discussion**

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly or party, by new allegations of excuse, justification or other negating matters." Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861, at *1 (S.D. Fla. Sept. 9, 2008). Federal Rule of Civil Procedure 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

Some of the defenses at issue are not true affirmative defenses. Medical Lien's Second, Third, and Fourth Affirmative Defenses, for example, do not admit the allegations of the Counterclaim but avoid liability based on some negating factor. Frey argues merely that each of these defenses does "not state a valid legal theory or defense" to Frey's breach-of-contract Counterclaim. (Doc.

7

# 63 at 2). Frey further argues that Medical Lien's Eighth, Ninth, and Twelfth Affirmative Defenses are invalid or inapplicable legal defenses to the Counterclaim. (Doc. # 16 at 2).

Nonetheless, the Court is not inclined to strike these defenses. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id.

Additionally, in accordance with Federal Rule of Civil Procedure 8(c), a defendant must simply give the plaintiff "fair notice" of the nature of each defense and the grounds upon which it rests. See Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010) (noting that the

8

Eleventh Circuit stresses that the purpose of Rule 8(c) is to provide notice).

Frey's Counterclaim alleges that Medical Lien, as assignee for LSI, breached a patient registration agreement with Frey by failing to submit certain bills to Frey's medical insurance company. (Doc. # 48 at 8). Regardless as to whether they present legal theories that may ultimately prove successful in this case, each of Medical Lien's affirmative defenses offers relevant and substantial legal and factual questions and gives Frey fair notice of the nature of the defense. Frey does not contend that the affirmative defenses are unrelated to the controversy, confuse the issues, or cause prejudice to one of the parties.

To the extent that any of Medical Lien's affirmative defenses may be legally "inapplicable" to the present case as Frey argues, they still "serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, 2008 WL 3200691, at *1. The Court thus declines to strike Medical Lien's affirmative defenses.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Susan Frey's Motion to Strike Plaintiff Medical Lien Management, Inc.'s Affirmative Defenses to Frey's Counterclaim (Doc. # 63) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record